# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30826

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2014

Lyle W. Cayce
Clerk

WALTER HOUSTON,

Plaintiff-Appellant

v.

TIM WILKINSON; VERGIL LUCAS; TOMMY GLOVER; JAY TIM MORGAN; WARDEN STEVENS; MILDRED MILTON; PETER FLOWERS; MR. MAC; MR. JOHNSON; MR. SANDERS; JIMMY TURNER; ALFONZO PACHECO; PAT THOMAS; INSURANCE COMPANY OF CORRECTIONS CORPORATION OF AMERICA OF TENNESSEE, L.L.C.; PRISON ENTERPRISE GARMENT FACTORY; WINN CORRECTIONAL CENTER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-722

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Walter Houston, Louisiana prisoner # 100087, seeks leave to proceed in forma pauperis (IFP) from the district court's dismissal of his 42 U.S.C. § 1983 lawsuit for failure to state a claim. By moving to proceed IFP, Houston is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Other than a single sentence asserting that he could demonstrate the predicate physical injury necessary to seek compensatory damages for emotional suffering had the district court ordered his medical records, Houston does not acknowledge or address the basis for the dismissal of any of the claims alleged in his complaint. Even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to address the district court's reasons for dismissing his claims, Houston has abandoned the dispositive issues on appeal. *See id.*; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Houston has thus failed to show that his appeal involves any arguably meritorious issue. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is denied. The instant appeal is frivolous and is therefore dismissed. *See id.*; *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Both this court's dismissal of the instant appeal as frivolous and the district court's dismissal of the complaint for failure to state a claim count as strikes for purposes of the three-strikes bar of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Houston has at least one prior strike. *See Houston v. Corr. Corp. of America*, No. 08-cv-00924 (W.D. La. Mar. 24, 2009); *see also Adepegba*, 103 F.3d at 387-88. Because he has now accumulated three strikes, Houston is barred from proceeding IFP in any civil action or appeal filed while

No. 13-30826

he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).  He is further warned that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.